GARDEN, JUDGE:
Sometime prior to May 15, 1974, the respondent entered into a contract with the Commissioner of Public Institutions whereby the former was to perform certain window replacement work and glazing at the West Virginia Penitentiary at Moundsville, a project involving a total contract price of $116,688.00. On May 15, 1974, the claimant submitted its Estimate No. 6 in the amount of $5,834.40, representing the balance due on the contract. For some reason, not apparent on the face of the record, this estimate was not approved by the respondent’s architect, Henry Elden & Associates, until October 24, 1974, well beyond the close of fiscal year 1973-74.
At the hearing counsel for respondent admitted that the work had been performed by claimant in a satisfactory manner, and that sufficient funds were available in the respondent’s appropriation during fiscal year 1973-74 from which Estimate No. 6 could have been paid. The problem arose when the estimate was not presented to the respondent until subsequent to October 24, 1974, the date when the same was approved by respondent’s architect. Unfortunately, by this time, the prior available funds had been expired by operation of law.
Subsequent to the hearing, the claimant, by counsel, submitted additional claims in the form of a claim for interest on the unpaid amount as reflected on Estimate No. 6 from May 15, 1974, until paid, and a claim for reinbursement of expenses incurred by Raymond J. Englert in attending the hearing in Charleston on July 30, 1975 in a total amount of $108.35. In respect to the claim for interest, Code 14-2-12 prohibits us from making such an award unless the claim is based on a contract which specifically provides for the payment of interest, and the contract in this case makes no such provision. We are also of the opinion that the claim for expenses incurred in attending the hearing cannot be allowed. *23 These expenses, much like attorney’s fees, must in cases such as this, be treated as an unfortunate expense of litigation and must be borne by the party incurring them.
On the other hand, we believe the claimant has clearly established its right to recover the remaining balance due on the contract in the amount of $5,834.40, and that equity and good conscience dictates that the same should be paid.
Award of $5,834.40.